[No. 17106.    Department One.    December 21, 1922.]

E. S. W. Voyles, *Respondent,* v. Eugene Hockett, *Appellant.*[1]

Appeal (145)—Exceptions to Findings—Necessity. Where, in the absence of timely exceptions to findings, the parties stipulated that the only question on appeal is whether the findings warrant the judgment, errors shown by the statement of facts cannot be considered.

Public Lands (17)—Homestead—Rights Acquired. A homesteader, in rightful possession under an existing homestead entry, may recover for a trespass and the wrongful removal of improvements in which the trespasser had no interest.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered October 20, 1921, upon findings in favor of the plaintiff, in an action in tort. Affirmed.

*Adams & Vincent,* for appellant.

*J. W. Graham,* for respondent.

Holcomb, J. — Respondent instituted this action against appellant in the court below for damages alleged to have been caused him by the removal of improvements placed upon land held under a homestead entry, which had been contested by respondent, won by him in the United States Land Department, the improvements having been removed by appellant after

[1]Reported in 211 Pac. 277.

the decision in the contest. The lower court granted judgment in favor of respondent, from which this appeal is taken.

The sole error claimed is that the court erred in rendering judgment for respondent.

Exceptions were not filed by appellant within the time limited by law, and the statement of facts could not be considered on appeal, and on that situation the parties, by their counsel, stipulated that the only question to be determined on appeal is whether or not the findings of the superior court, as a matter of law, warrant the judgment.

While appellant now urges many questions that could only be determined by reference to the statement of facts, that cannot be done in face of the record and the stipulation thereon.

The findings made by the lower court, to which exceptions were not properly taken, showed a valid, existing homestead entry by respondent on the lands in question; a right to the absolute, exclusive possession of the premises covered by the entry by respondent; a trespass by appellant, accompanied by removal or destruction of the improvements; a wrongful removal of improvements, and damage resulting therefrom.

The findings did not show that appellant ever placed the improvements on the land, or that appellant had any interest whatsoever in the improvements.

Regardless of whether appellant was defrauded by false testimony in the contest, or testimony given in this action contradictory to testimony given in the land contest, under the record here presented we are bound by the findings.

The findings support the conclusions and decree.

Affirmed.

PARKER, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.